UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-54 |
| | ) | (VARLAN/SHIRLEY) |
| GARY LEE BRAGG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion to Determine the Status of Counsel [Doc. 17] and pro se Motion for New Counsel [Doc. 20]; the Court must also arraign the Defendant on the Superseding Indictment [Doc. 15]. The parties appeared before the Court on October 23, 2008. Assistant United States Attorney David Lewen ("AUSA Lewen") was present representing the Government. Attorney Paula Voss ("Attorney Voss") was present representing the Defendant, who was also present. Attorney Christopher Rodgers, an attorney training to join the District's Criminal Justice Act ("CJA") panel, was also present.

The Defendant's Motion to Determine Status of Counsel [Doc. 17] was filed October 21, 2008, and after a hearing on that motion on October 23, 2008, Defendant's pro se Motion for New Counsel [Doc. 20] was submitted to the Court. At the hearing, Attorney Voss addressed the motion and stated that the Defendant has indicated to Attorney Voss that he no longer wants her to represent him. Attorney Voss stated that the Defendant is not comfortable with her suggestions on how to proceed in the case, and their disagreement has undermined the trust in the relationship.

Further, Attorney Voss stated that communication between the two was strained.

The Defendant agreed with Attorney Voss's assessment of the relationship. The Defendant stated that there had been a serious breakdown in the attorney-client relationship. The Defendant stated that he did not trust Attorney Voss although he would not describe specific reasons for his distrust in the presence of the Government. The Court warned the Defendant that, while the Court was obligated to provide competent counsel, it was not required to provide the Defendant with an endless stream of attorneys. The Defendant stated that he understood that attorney substitutions would be made only for good cause.

AUSA Lewen noted that from the Government's prospective Attorney Voss had been very diligent in her handling of the case, but the Government had no objection to the Defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Voss to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between the Defendant and Attorney Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the Defendant's Motion to Determine the Status of Counsel **[Doc. 17]** and pro se Motion for New Counsel **[Doc. 20]** are well-taken, and accordingly, they are **GRANTED**.

2

At the hearing, Attorney Michael Coleman ("Attorney Coleman") was present in the courtroom and agreed to accept representation of the Defendant. The Defendant agreed to the appointment of Attorney Coleman. Attorney Voss stated that she had given Attorney Coleman copies of her case file, all the original discovery from the Government, and a memorandum summarizing the case. Accordingly, the Court finds it appropriate to **SUBSTITUTE** and **APPOINT** Attorney Coleman under the CJA as counsel of record for the Defendant.

Thereafter, Attorney Coleman made an oral motion for continuance of the trial date from December 10, 2008, to a later date. Attorney Coleman stated he had just received over a dozen DVDs which he would have to review and he needed time to become familiar with the facts of the case and the motions currently pending in the case. The Defendant stated that he had no objection to continuing the trial date. Attorney Coleman confirmed that all the time between the former trial date and the new trial date should be fully excludable under the Speedy Trial Act. The Government had no objection to the oral motion and concurred with the Defendant's belief that all time between the former trial date and new trial date would be fully excludable under the Speedy Trial Act.

The Court finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). There is currently a pro se Motion for Speedy Trial [Doc. 4] pending in this case, and Attorney Coleman has indicated to the Court that he intends to file additional motions on behalf of the Defendant. The Court will need time to review any such motions and hear arguments on the motions in order to make a report and recommendation. In addition, the District Judge will need time to rule upon the report and recommendation and the objections thereto. 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of such rulings. 18 U.S.C. § 3161(h)(8)(B)(iv).

3

The Court finds that all of this could not take place before the December 10, 2008, trial date, despite counsels' use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that Defendant's oral motion to continue the trial date is well-taken, and therefore, it is **GRANTED**.

In light of these findings and its granting of the motion, the Court set a new trial date of **February 17, 2009.** The Court further finds that the period of time between October 23, 2008, and the new trial date of February 17, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Finally, the Court arraigned the Defendant on the Superceding Indictment [Doc. 15]. The Court advised the Defendant of the following changes: in Counts One and Two, the quantity of cocaine base was deleted; in Count Three, the date was changed from October 26, 2004, to October 27, 2004; in Count 6, the quantity of cocaine base was deleted; and in Count Seven, the phrase "for which the defendant may be prosecuted in a court of the United States" was added and a reference to Count Nine was changed to reference Count Six. The Government advised the Defendant of the range of penalties for the alleged offenses. The Defendant confirmed that he understood what he was being charged with and plead not guilty to all the counts in the Superceding Indictment.

Accordingly:

1. Attorney Paula Voss and CJA panelist-in-training Christopher Rodgers are relieved of any further responsibility in this case, and Attorney Michael Coleman is entered as counsel of record for the Defendant;

2. The motion deadline is now **November 21, 2008**, and responses to any motions are due on or before **December 5, 2008**;

3. A pretrial conference is set for **December 11, 2008, at 10:00 a.m.,** and the parties have been advised to contact chambers if they would

4

like a hearing on Defendant's pro se Motion [Doc. 4] prior to the pretrial conference;

4. The trial date is set for **February 17, 2009**, before the Honorable Thomas A. Varlan, United States District Judge; and

5. All time between the **October 23, 2008**, hearing and the **February 17, 2009**, trial date is fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:


　　s/ C. Clifford Shirley
United States Magistrate Judge