UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-54 |
| | ) | (VARLAN/SHIRLEY) |
| GARY LEE BRAGG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's *pro se* motion to reduce sentence [Doc. 49] and defendant's second *pro se* motion to reduce sentence [Doc. 50]. Defendant requests that the Court recalculate his guideline range and resentence him as a result of the "new crack bill" [Docs. 49, 50]. The United States filed a response in opposition [Doc. 52]. Following the government's response, defendant filed a third motion, entitled Motion to Modify Term of Imprisonment under S.1789 the "Fairness Sentencing Act of 2010" Cocaine Sentencing Disparity Reduction pursuant to 18 U.S.C. (3582)(C)(2), in which defendant reiterates his argument for a reduced sentence and requests a sentence at the bottom of his new sentencing range [Doc. 53].

**I.      Background**

On November 19, 2008, defendant pled guilty to counts one through six of the superseding indictment in this case [Doc. 24]. Counts one, two, and six of the indictment charged defendant with possession with intent to distribute cocaine base, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and counts three, four, and five of the indictment charged defendant with possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Doc. 15].

Defendant's total offense level was 23, which included a three-level reduction for acceptance of responsibility [*See* Doc. 52]. Defendant's criminal history category was VI [*Id.*]. Accordingly, defendant's Guideline range was 92 to 115 months imprisonment [*Id.*]. On August 21, 2009, the Court sentenced defendant to 72 months imprisonment [Doc. 45].

**II.     Analysis**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Section 3582(c)(2) of the United States Code, title 18, provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress also has specified that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). *See also United States v. Dillon*, — U.S. —, —, 130 S. Ct. 2683, 2691 (June 17, 2010) (holding that a district court has authority to modify a sentence under § 3582(c)(2) only where the

Commission has decided, pursuant to § 994(u), to make the applicable Guidelines amendment retroactive). The Sentencing Commission did this in U.S.S.G. § 1B1.10(a)(1), which provides, in pertinent part:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement . . . .

U.S.S.G. § 1B1.10(a)(1).

Thus, according to the plain language of § 3582(c)(2) and the Guidelines, the only amendments that may be applied retroactively are those listed in § 1B1.10(c). The amendments implementing the Fair Sentencing Act, found in § 2D1.1(c)(4), are not listed in that provision.

In addition, although Congress passed the Fair Sentencing Act on August 2, 2010, which amended 21 U.S.C. § 841 and had the effect of lowering the statutory penalties for offenses involving crack cocaine, *see* 21 U.S.C. § 841, the Court of Appeals for the Sixth Circuit has recently held that the Fair Sentencing Act does not apply retroactively, *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("[T]he Fair Sentencing Act . . . contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [the defendant] committed the crime in question").

Defendant plead guilty and was sentenced prior to the passage of the Fair Sentencing Act and prior to the amendments to the Guidelines implementing that Act.  Accordingly, because those amendments are not listed among those which may be applied retroactively and because the Fair Sentencing Act itself is not retroactive, the Court finds no basis or authority to reduce defendant's sentence under § 3582(c)(2).

**III.    Conclusion**

For the reasons given above, the following motions are **DENIED**:  defendant's *pro se* motion to reduce sentence [Doc. 49], defendant's second *pro se* motion to reduce sentence [Doc. 50], and defendant's Motion to Modify Term of Imprisonment under S.1789 the "Fairness Sentencing Act of 2010" Cocaine Sentencing Disparity Reduction pursuant to 18 U.S.C. (3582)(C)(2) [Doc. 53].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE